**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raymond SANDATE, Scott Frazier Coen, aka William Scott Holden, Robert Jacquet, Defendants–Appellants.**

No. 79–3952
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Nov. 12, 1980.

S. Frank Harlow, Bossier City, La., for Sandate.

Frank J. Ragen, San Diego, Cal., for Coen.

Frank T. Vecchione, San Diego, Cal., for Jacquet.

D. H. Perkins, Jr., A. M. Stroud, III, Asst. U. S. Attys., Shreveport, La., for plaintiff–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

GARZA, Circuit Judge:

This case is before us on an appeal from a denial of a motion to dismiss an indictment on double jeopardy grounds.

On January 29, 1979, the appellants were arrested by federal and state authorities while unloading four hundred (400) pounds of marihuana from an airplane into a truck. The appellants were charged in state court with possession of marihuana, but pursuant to a plea bargain agreement, they pled guilty to possession of codeine and each was sentenced to five (5) years probation.

On June 19, 1979, the appellants were indicted on federal charges of conspiracy and possession with intent to distribute four hundred (400) pounds of marihuana in violation of 21 U.S.C. § 841(a)(1) and 846. The appellants filed a motion to dismiss on double jeopardy grounds arguing that their state guilty pleas were tendered only after assurances by the federal government that there would be no federal prosecution. The district judge held an evidentiary hearing on November 26, 1979, and denied the motion to dismiss the indictment.

At the evidentiary hearing, the three attorneys who represented the appellants in state court testified as well as the U. S. Attorneys who had been involved in the case. Defense counsel testified that when they conferred with their clients, they were told that a plea bargain had been reached with the state under which they would plead guilty to possession of codeine. Counsel decided to determine if federal charges would be filed. In counsel's presence, the Assistant District Attorney for the state, one Toups, telephoned the United States Marshal, who stated that there were no outstanding warrants for the appellants. Toups also telephoned the Assistant U. S. Attorneys to discuss the matter, with the appellants' counsel present and able to hear only Toups' side of the conversation. From what they heard, they believed that the federal authorities did not intend to prosecute the appellants if they pled guilty to a narcotics violation. One attorney recollected that Toups had told the Assistant U. S. Attorney that he was speaking so that the pleas would be to possession of codeine and that the appellants would be placed on probation. The other two attorneys, however, recollected otherwise—that the charge that the appellants were pleading guilty to in

the state court was not specified. Based upon their belief that there would be no federal prosecution, the appellants pled guilty.

Assistant U. S. Attorney Stroud testified that he received a call from an attorney concerning this case. He testified that he was asked if there were pending charges or if federal authorities intended to get involved and that he replied that it was normal practice not to prosecute if the state handled the narcotics case. Later on he learned that the pleas that the appellants had entered in State Court were to possession of codeine and that there was no codeine involved. From other testimony received at the evidentiary hearing, it was made abundantly clear that no codeine was in the possession of the defendants when they were arrested. Assistant U. S. Attorney Stroud testified that because there was no codeine in their possession, he felt that the guilty pleas were invalid and that the conviction was susceptible to a collateral attack, and that the state had not properly prosecuted the appellants. He further testified that he had obtained permission from the Justice Department to prosecute them before the present indictment was returned.

The Court below denied the motion to dismiss finding that the government was not a participant in the state plea bargain and did not make binding representations to Toups. The Court below stayed further proceedings pending this appeal.

The findings of the Court below are amply supported by the evidence before him and they are not clearly erroneous.

The appellants' main argument is that the Supreme Court has denounced dual prosecutions where a federal conviction is sought as insurance should the state conviction be later invalidated, citing *Rinaldi v. United States*, 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed. 207 (1977). In that case, the Supreme Court ruled that the district court should have granted the government's post–conviction motion to dismiss the indictment on grounds that the Justice Department's *Petite* [, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d

490] policy had been violated. The *Petite* policy, established by the Department of Justice, bars a federal trial following a state prosecution for the same act "unless the reasons are compelling." *Id.* 434 U.S. at 24 n.5, 98 S.Ct. at 82 n.5. In the *Rinaldi* case the prosecution had been pursued despite the failure of government counsel to obtain Department permission which is a violation of the *Petite* policy procedures. Since the government's purpose in seeking dismissal was not motivated by considerations "clearly contrary to manifest public interest," but to correct an unfairness, the Court held that the district court erred in not dismissing the indictment.

■ In the case before us, the *Petite* policy procedures were not violated, as Assistant U. S. Attorney Stroud received permission from the Department to pursue this prosecution. The Court has held that a defendant may not use the *Petite* policy to invalidate an otherwise legitimate indictment. *United States v. Hayes*, 589 F.2d 811, 818 (5th Cir. 1979), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60. The prosecution of these appellants even after a state conviction is not barred by the Constitution or the *Petite* policy.

■ Appellants also argue that the government's participation in the state prosecution and plea bargaining precludes federal prosecution. This contention is without merit and is not supported by the record. While both federal and state authorities participated in the arrest, the federal investigation proceeded independently. A Drug Enforcement agent was present as an observer at the guilty pleas in the state court but did not participate in any way during the state proceedings. The testimony failed to show that the government participated in the plea bargaining or made a firm commitment not to prosecute. The denial of the motion to dismiss the indictment on double jeopardy grounds was correct and such denial must be

AFFIRMED.